UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KLAMATH-SISKIYOU WILDLANDS CENTER, ENVIRONMENTAL PROTECTION INFORMATION CENTER, and KLAMATH FOREST ALLIANCE, | No. 2:18-cv-02785-TLN-DMC |
|---|---|
| Plaintiffs, | **ORDER GRANTING MOTION TO INTERVENE BY AMERICAN FOREST RESOURCE COUNCIL** |
| v. | |
| PATRICIA A. GRANTHAM, Klamath National Forest Supervisor, and UNITED STATES FOREST SERVICE, | |
| Defendants, | |
| and | |
| AMERICAN FOREST RESOURCE COUNCIL, an Oregon non-profit corporation, | |
| Proposed Defendant Intervenors. | |

This matter is before the Court on Proposed Defendant Intervenor, American Forest Resource Council's ("Proposed Defendant Intervenor") motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2). (ECF No. 25; Mem. Supp. Mot. Intervene, ECF No. 25-1.) No oppositions to this motion have been filed.

///

1

**I. BACKGROUND**

On October 16, 2018, Plaintiffs Klamath-Siskiyou Wildlands Center, Environmental Protection Information Center, and Klamath Forest Alliance ("Plaintiffs") filed a complaint for declaratory and injunctive relief. (ECF No. 1.) Plaintiffs bring three causes of action against Defendants Patricia Grantham, Supervisor of the Klamath National Forest, and the United States Forest Service ("Defendants"), arguing that Defendants violated the National Forest Management Act, National Environmental Policy Act, and Administrative Procedure Act when they approved the Seiad-Horse Reduction Project ("Project") in the Klamath National Forest. (ECF No. 1 ¶ 1.)

According to Plaintiffs, the Project is comprised of several components involving the logging of timber from land in the Johnny O'Neil Successional Old Growth Forest Reserve. (ECF No. 1 ¶ 10.) Proposed Defendant Intervenor states that the Project was designed to respond to the 2017 Abney Fire, which destroyed roughly 5,000 acres of late-successional forest. (ECF No. 25-1 at 2.) Plaintiffs are challenging two specific actions of the Project: proposed hazard tree removal and post-fire "salvage" logging. (ECF No. 1 ¶ 72.)

According to Plaintiffs, on October 30, 2018, Plaintiffs learned that Defendant United States Forest Service had identified a bidder for the "Low Gap" timber sale, the first of three sales authorized by the Project. (Pl's T.R.O./Prelim. Inj., ECF No. 13 at 2.) On November 7, 2018, Defendants informed Plaintiffs that the Forest Service intended to authorize the implementation of the Low Gap timber sale. (ECF No. 13 at 2.)

Proposed Defendant Intervenor is a regional trade association representing over 50 forest product businesses and forest landowners, including the purchaser of the Low Gap timber sale. (ECF No. 13 at 2; ECF No. 25-1 at 3.) Proposed Defendant Intervenor states they are interested in the Project because the Project will supply timber to its members. (ECF No. 25-1 at 3.) Proposed Defendant Intervenor is further concerned about "the economic, environmental, and safety benefits of the project, which are threatened by this litigation." (ECF No. 25-1 at 2.) For these reasons, Proposed Defendant Intervenor filed the instant motion to intervene in this litigation. (ECF No. 25-1.)

///

**II.    STANDARD OF LAW**

Pursuant to Fed. R. Civ. P. 24(a)(2), a party may intervene as a matter of right when:

(1) The application is timely;

(2) The party has a significant protectable interest relating to the property or transaction that is the subject of the action;

(3) The disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and

(4) the existing parties may not adequately represent the applicant's interest.

Rule 24(a)(2); *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

"Each of these four requirements must be satisfied to support a right to intervene." *Chamness*, 722 F.3d at 1121 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)). In evaluating whether these requirements are met, courts "are guided primarily by practical and equitable considerations." *Alisal Water Corp.*, 370 F.3d at 919. Further, courts generally "construe [the Rule] broadly in favor of proposed intervenors." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 397 (9th Cir. 2002).

**III.    ANALYSIS**

At issue in this litigation is the implementation of the Project, which if implemented, will allow the logging of timber from the Johnny O'Neil Successional Old Growth Forest Reserve. (ECF No. 1 ¶ 10.) Proposed Defendant Intervenor claims to have an interest in the Project because the timber it produces will be purchased by Proposed Defendant Intervenor's members. (ECF No. 25 at 2.) Further, Proposed Defendant Intervenor claims to have an interest "in the continued supply of timber from the Klamath National Forest, and in improving forest health and enabling reforestation of severely burned areas." (ECF No. 25 at 2.) The Court addresses each of the four Rule 24(a)(2) factors in turn.

A. <u>Timeliness of Application</u>

In determining whether a motion is timely, the Court considers, (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay.

3

*Orange Cty. v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986). A motion is generally considered timely when "made at an early stage of the proceedings, the parties would not have suffered from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

Plaintiffs filed the Complaint on October 16, 2018. (ECF No. 1.) Proposed Defendant Intervenor filed the present Motion to Intervene on November 20, 2018. (ECF No. 25.) There is currently a pending motion for preliminary injunction. (ECF No. 13.) Proposed Defendant Intervenor alleges to have discussed the briefing schedule regarding the pending motion with the other parties, and subsequently timely filed its opposition to the motion for preliminary injunction. (ECF No. 25-1 at 8; Proposed Defendant Intervenor Opp'n Mot. Prelim. Inj., ECF No. 33.) The Court finds that the motion to intervene was timely filed, and will not prejudice the existing parties or cause delay within the meaning of Rule 24.

B. <u>Significant Protectable Interest</u>

As discussed above, Proposed Defendant Intervenor has alleged strong protectable interests in the Project. Proposed Defendant Intervenor "is a regional trade organization whose purpose is to advocate for sustained yield timber harvests on public lands throughout the West to enhance forest health and resistance to fire, insects, and disease." (ECF No. 25-1 at 3.) Proposed Defendant Intervenor "represents over 50 forest product businesses and forest landowners." (ECF No. 25-1 at 3.) Proposed Defendant Intervenor states that many of its members rely on federal timber as they do not own their own forestland and, "therefore, purchase timber from national forests to supply their mills." (ECF No. 25-1 at 3.) Proposed Defendant Intervenor represents the purchaser, and potentially purchasers of the timber at issue in this Project. (ECF No. 25-1 at 3.) The purchaser plans to employ 25 workers as a result of the purchased timber. (ECF No. 25-1 at 4, 9.) Further, according to Proposed Defendant Intervenor, "it is likely that all timber sales will be processed at a[] . . . mill" represented by Proposed Defendant Intervenor, and the Project itself will support over 200 jobs. (ECF No. 25-1 at 4.)

The implementation or cessation of the Project will affect the timber supply available to

Proposed Defendant Intervenor's members. As such, they have an economic interest in the Project and the outcome of this litigation. Proposed Defendant Intervenor "was actively involved in the development of the . . . Project." (ECF No. 25-1 at 11.) Further, a significant portion of Proposed Defendant Intervenor's members have an interest in the pending litigation as it may affect their timber supply and the timber related jobs associated with the Project.

The Court finds that Proposed Defendant Intervenor has satisfied the requisite showing of a protectable interest, and has further satisfied the requirements for associational standing to represent its members.

### C. Disposition of Action May Impair or Impede Ability to Protect Interest

"If an absentee would be substantially affected in a practical sense by the determination made in an action, [the absentee] should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Rule 24 advisory committee's notes). Here, the pending litigation will directly impair or impede Proposed Defendant Intervenor and its members' interests in the Project. Accordingly, this factor is satisfied.

### D. No Existing Adequate Representation

Defendants take no position on whether Proposed Defendant Intervenor's position is adequately represented in the current litigation. (ECF No. 25 at 2.) Plaintiffs have not opposed this motion, but state that "[t]he federal government is well-positioned to adequately represent the interests of prospective timber intervenors." (ECF No. 25 at 2.) A proposed intervenor is adequately represented when "(1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect." *Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153–54 (9th Cir. 1998).

Here, while Proposed Defendant Intervenor and Defendants are effectively on the same side of the dispute, Proposed Defendant Intervenor and its members have economic interests that the Defendants do not. (*See* ECF 25-1 at 13.) Further, the burden of showing inadequate

representation is "minimal" and Proposed Defendant Intervenor need only demonstrate "that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki*, 324 F.3d at 1086). Accordingly, the Court finds this factor has been met.

As all four factors have been met, intervention as a right under Rule 24(a)(2) is appropriate.

### IV. CONCLUSION

For the reasons set forth above, Proposed Defendant Intervenor's motion to intervene (ECF No. 25) is GRANTED.

Dated: December 5, 2018

Troy L. Nunley
United States District Judge