Susan Jane M. Brown (OSB #05460), *Admitted Pro Hac Vice*
Western Environmental Law Center
4107 NE Couch St.
Portland, OR. 97232
Ph. 503-914-1323
brown@westernlaw.org

LEAD COUNSEL

Tom Wheeler, CA Bar #304191
Environmental Protection Information Center
145 G Street #A
Arcata, California 95521
Ph: (707) 822-7711
tom@wildcalifornia.org

LOCAL COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, ENVIRONMENTAL PROTECTION INFORMATION CENTER, and KLAMATH FOREST ALLIANCE,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICIA A. GRANTHAM, Klamath National Forest Supervisor, and UNITED STATES FOREST SERVICE,<br><br>Defendants. | Civ. Case No. 18-CV-02785-TLN-DMC<br><br>PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR A STAY OF THE JANUARY 10, 2019 HEARING IN LIGHT OF LAPSE OF APPROPRIATIONS |

On January 2, 2019 Federal Defendants moved this Court (ECF Dkt. No. 41) to indefinitely stay oral argument on Plaintiffs' Motion for Temporary Restraining Order/Preliminary Injunction (ECF Dkt. No. 13) due to the lapse of federal appropriations that it

PAGE 1 – PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR A STAY OF THE JANUARY 10, 2019 HEARING IN LIGHT OF LAPSE OF APPROPRIATIONS

argues prevents the Department of Justice "from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342." Motion at ¶ 2. The government makes no prediction regarding when appropriations may be restored and Department employees may return to work. While Plaintiffs are sympathetic to the plight of Department attorneys, Plaintiffs oppose the motion for the following reasons.

As an initial matter, 31 U.S.C. § 1342 states that the federal government "may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." This provision precludes government employees from volunteering their services during an abeyance of appropriations; but it does not preclude federal employees from carrying out their duties under court order, including court-ordered deadlines and appearances. Should this Court deny Federal Defendants' motion to stay the January 10, 2019 oral argument date, Department of Justice attorneys would be exempt from the work stoppage imposed by 31 U.S.C. § 1342.

Two other district courts have recently rejected nearly identical requests to stay court proceedings due to a lapse in federal appropriations. In *United States v. Baltimore Police Dep't*, 17-cv-00099-JKB (D. Md.) (Dkt. No. 172) (filed Dec. 26, 2018) (attached as Exhibit A), the parties filed a consent motion to stay deadlines pending a resumption of appropriations using nearly identical language to the government's motion in this case (*compare* Exhibit A ¶¶ 1-2 with ECF Dkt. No. 13 ¶¶ 1-2). Maryland District Court Chief Judge James K. Bredar denied the consent motion, explaining that the "financial matter is a dispute internal to one party, the Federal Government," and that the Court expected the federal government "to find the means by which to continue their participation in this litigation on a timely basis regardless of their client's internal issues," because the lapse of appropriations is a "collateral issue that is internal to one party." *United States v. Baltimore Police Dep't*, 17-cv-00099-JKB (D. Md.) (Dkt. No. 173) (filed Dec. 26, 2018) (attached as Exhibit B).

On January 2, 2019, West Virginia Southern District Court Judge Joseph B. Goodwin adopted Chief Judge Bredar's reasoning in *United States v. Baltimore Police Dep't* and issued a

PAGE 2 – PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR A STAY OF THE JANUARY 10, 2019 HEARING IN LIGHT OF LAPSE OF APPROPRIATIONS

blanket order for the cases on his docket that exempted them from a previously-issued blanket order staying all deadlines in cases in which the United States is a party pending a resumption of appropriations. *In re Petition for a General Order Holding Civil Matters in Abeyance in Which the United States is a Party Due to Lapse of Congressional Appropriations Funding the Department of Justice and the United States Attorney's Office*, 18-mc-00196 (filed Jan. 2, 2019) (attached as Exhibit C). In so doing, Judge Goodwin explained "It is my view that the government should not be given special influence or accommodation in cases where such special considerations are unavailable to other litigants. The government, like all parties, is 'required to find the means by which to continue its participation in [it's] litigation on a timely basis regardless of internal issues.'" Exhibit C, 1.

Plaintiffs agree with Chief Judge Bredar and Judge Goodwin. In the present case, logging of old growth fire-affected forests has been ongoing since November 2018, causing irreparable harm to Plaintiffs. *See,* Ruediger Decl. ¶¶ 1-38; Sexton Decl. ¶¶ 7-51; Baker Decl. ¶¶ 6-16. The parties agreed to an expedited briefing schedule and oral argument date in order to maintain the status quo as long as possible; but even so, logging has continued during the holiday and winter seasons, and continues today despite the lapse in federal appropriations. Granting Federal Defendants' motion to stay oral argument in this case threatens to deprive Plaintiffs of "their day in court:" because it is unknown when appropriations may be restored, it is also unknown when Plaintiffs' motion for injunctive relief may be heard by this Court. And, because logging has been ongoing since November and does not appear to be subject to stoppage any time soon in the absence of a court order granting Plaintiffs' motion for injunctive relief, it is possible that the Seiad-Horse Project may be entirely logged before the Court can adjudicate Plaintiffs' claims. *Blue Mountains Biodiversity Project v. Blackwood*, 161 F.3d 1208, 1215 (9th Cir. 1998) (observing the irreparable nature of logging and the potential for mootness in the absence of an injunction).

This Court, like the Maryland and West Virginia Courts, should deny Federal Defendants' motion to stay oral argument on Plaintiffs' Motion for Temporary Restraining Order/Preliminary Injunction. In the alternative, the Court should grant Plaintiffs' Motion at least

until appropriations resume, and Plaintiffs' motion can be heard. Either result would preserve the status quo by withholding "special influence or accommodation in cases where such special considerations are unavailable to other litigants" due to one party's "internal financial dispute."

Submitted this 3rd day of January, 2019.

/s/ Susan Jane M. Brown
Susan Jane M. Brown, *Admitted Pro Hac Vice*
Western Environmental Law Center
4107 N.E. Couch St.
Portland, Oregon 97232
brown@westernlaw.org
Ph.: (503) 914-1323
Fax: (541) 485-2457

Tom Wheeler (CA Bar #304191)
Environmental Protection Information Center
145 G Street #A
Arcata, California 95521
tom@wildcalifornia.org
Ph: (707) 822-7711
Fax: (707) 822-7712

Brodia N. Minter, *Admitted Pro hac Vice*
Klamath Siskiyou Wildlands Center
P.O. Box 102
Ashland, Oregon 97520
Brodia@kswild.org
Ph: (541) 488-5789
Fax: (541) 552-1561

*Counsel for Plaintiffs*

PAGE 4 – PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR A STAY OF THE JANUARY 10, 2019 HEARING IN LIGHT OF LAPSE OF APPROPRIATIONS

# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff;<br>v.<br>BALTIMORE CITY POLICE DEPARTMENT, et. al.,<br>Defendants. | CIVIL NO. JKB-17-0099 |

**CONSENT MOTION FOR CONTINUANCE OF PLAINTIFF UNITED STATES OF AMERICA**

Plaintiff United States of America moves for continuance of all deadlines in this matter, including the December 27, 2018, deadline for DOJ to submit its monthly meeting submission; the December 28, 2018, deadline for the parties' submission of the OPR classification protocol and Policy 306; and the Court's January 3, 2019, monthly meeting.

1. At the end of the day on December 21, 2018, the appropriations act that had been funding the Department of Justice expired, and appropriations to the Department lapsed. The Department does not know when Congress will restore funding.

2. Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3. Counsel for the Department of Justice requests that all deadlines, monthly meetings, and public hearings be postponed until Congress has restored appropriations to the Department.

4. If this consent motion is granted, counsel for the United States will notify the Court, the Baltimore Police Department (BPD), and the Monitor as soon as Congress has appropriated

funds for the Department of Justice. The United States requests that, at that point, postponed deadlines and court appearances be reset at a time workable for all.

5. Counsel for BPD has authorized the United States to state that it does not object to postponing the deadlines described in this motion.

Therefore, although the United States regrets the disruption caused to the Court and BPD, the United States moves to postpone the December 27, 2018, deadline for DOJ to submit its monthly meeting submission; the December 28, 2018, deadline for the parties' submission of the OPR classification protocol and Policy 306; and the Court's January 3, 2019, monthly meeting.

Respectfully submitted this 26th day of December, 2018.

/Respectfully Submitted,

*/s/ Cynthia Coe*

Cynthia Coe
Trial Attorney
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 353-1121
Fax: (202) 514-4883
District of Columbia Bar No. 438792
Email: Cynthia.Coe@.usdoj.gov
Attorney for Plaintiff the United States

**CERTIFICATE OF SERVICE**

I certify that on December 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, to give notice to all registered parties.

/s/ *Cynthia Coe*
CYNTHIA COE
Attorney for Plaintiff the United States

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA,** *

**v.** * **CIVIL NO. JKB-17-0099**

**BALTIMORE POLICE DEP'T *et al.*,** *

**Defendants.** *

* * * * * * * * * * * *

**<u>MEMORANDUM & ORDER</u>**

The Court has reviewed the consent motion requesting a continuance of all dates and deadlines in this matter pending resolution of a funding dispute involving the executive and legislative branches of the Federal Government (ECF No. 172). This financial matter is a dispute internal to one party, the Federal Government. In that sense it is similar to one that erupted between elements of the City Government previously. In the previous instance the Court advised the City to resolve its internal disputes and otherwise move ahead in its implementation efforts without delay. The Court has similar expectations with respect to the Federal Government's attorneys in this instance — they are required to find the means by which to continue their participation in this litigation on a timely basis regardless of their client's internal issues. Deeply serious matters involving the safety and well-being of the citizens of Baltimore are at issue in this case, and the Court is determined that implementation of the previously entered consent decree will not be impaired or delayed by this sort of collateral issue that is internal to one party.

The motion (ECF No. 172) is DENIED.

DATED this 26th day of December, 2018.

BY THE COURT:

/s/
James K. Bredar
Chief Judge

# EXHIBIT C

ENTERED
JAN - 2 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

IN RE PETITION FOR A GENERAL ORDER HOLDING CIVIL MATTERS IN ABEYANCE IN WHICH THE UNITED STATES IS A PARTY DUE TO LAPSE OF CONGRESSIONAL APPROPRIATIONS FUNDING THE DEPARTMENT OF JUSTICE AND THE UNITED STATES ATTORNEY'S OFFICE,

Misc. No. 2:18-mc-00196

**CIVIL CASES, ASSIGNED TO JUDGE JOSEPH R GOODWIN, IN WHICH THE UNITED STATES IS A PARTY ARE EXEMPT FROM THE GENERAL ORDER, ENTERED ON DECEMBER 26, 2018, HOLDING SUCH CASES IN ABEYANCE**

Civil cases in which the United States is a party were stayed by **GENERAL ORDER** in this miscellaneous case [2:18-mc-00196]. In the interest of efficient communication and to avoid confusion, I enter this **EXEMPTION ORDER** for cases assigned to me.

It is **ORDERED** that all civil cases in which the United States is a party that are assigned to Judge Joseph R. Goodwin are **EXEMPT** from the **GENERAL ORDER** and are **NOT STAYED**. I find that the government shutdown "is a dispute internal to one party, the Federal Government." Mem. & Order, at 1, *United States v. Baltimore Police Dep't*, No. 1:17-cv-0099-JKB, (ECF No. 173). It is my view that the government should not be given special influence or accommodation in cases where such special considerations are unavailable to other litigants. The government, like all parties, is "required to find the means by which to continue its participation in [it's] litigation on a timely basis regardless of internal issues." *Id.*

The Court shall distribute this Exemption Order (1) by electronic service to all registered CM/ECF users; and (2) by posting the Exemption Order on the Court's public website.

ENTER: January 2, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE